UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RUSH H. SCOTT,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,

    Defendant.

Case No. 2:14-cv-02077-JAD-CWH

**REPORT AND RECOMMENDATION**

## INTRODUCTION

This case involves judicial review of an administrative action by the Commissioner of Social Security ("defendant") denying Plaintiff Rush H. Scott's ("plaintiff") application for disability insurance benefits under Title II of the Social Security Act. Before the Court is plaintiff's Motion for Reversal or Remand (doc. # 11), filed July 6, 2015, and defendant's Response and Cross-Motion to Affirm (docs. # 12, # 13),[1] filed August 5, 2015. Plaintiff did not file a reply. This action was referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

## BACKGROUND

In April 2011, plaintiff applied for disability insurance benefits, alleging an onset date of April 1, 2010. AR[2] 147-52. Plaintiff's claim was denied initially on October 31, 2011, and upon reconsideration on March 13, 2012. AR 76-95. A hearing was held before an Administrative Law Judge ("ALJ") on April 22, 2013. AR 35-75. On May 29, 2013, the ALJ issued a decision finding plaintiff was not disabled from April 1, 2010, through the date of the decision. AR 22-31. Thereafter, plaintiff submitted additional

---

[1] Defendant filed both an opposition to plaintiff's motion and a cross-motion to affirm. See Docs. # 12, # 13. This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to defendant's cross-motion, doc. # 12, even though an identical argument is presented in defendant's opposition, doc. # 13.

[2] AR refers to the administrative record lodged with this Court. See Doc. # 10.

1  evidence, which was incorporated into the administrative record, and requested review of the ALJ's
2  decision. AR 5-6, 17-18, 196-98. The Appeals Council denied plaintiff's request for review, rendering
3  the ALJ's decision final.³ AR 1-4. Plaintiff, on December 9, 2014, commenced the instant action for
4  judicial review pursuant to 42 U.S.C. § 405(g). See Doc. # 1.

## DISCUSSION

**1.  Legal Standards**

  **a.  Judicial Standard of Review**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." Id. The Ninth Circuit reviews de novo a decision issued by a district court in such cases. Batson v. Commissioner, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002 (9th Cir. 2005). However, these findings may be set aside if they are based on legal error or not supported by substantial evidence. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. Batson, 359 F.3d at 1193.

---

³ The ALJ's decision becomes the final administrative decision of defendant.

When the evidence supports more than one rational interpretation, a court must defer to the Commissioner's interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Flaten v. Sec'y of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." Id.

### b.   Disability Evaluation Process

An individual seeking disability benefits has the initial burden of proving disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. Batson, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520 and 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. See 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); see also Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R.

§§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in substantial gainful activity, then a finding of not disabled is made. If the individual is not engaging in substantial gainful activity, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment, or combination of impairments, that is severe and significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment, or combination of impairments, does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. See SSR 96-8p. In determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the extent that statements

---

[4] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. Bray, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work, which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). In addition, the work must have lasted long enough for the individual to learn the job and performed as substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates other work exists in significant numbers in the national economy that the individual can do. Yuckert, 482 U.S. at 141-42.

**2.    The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date of April 1, 2010. AR 24. At step two, the ALJ found that plaintiff had severe impairments of liver disease, hypertension controlled by medication, and histories of gastritis and anemia. Id. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 27. Under step four, the ALJ found that plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that plaintiff

could only occasionally crawl, but could engage in frequent climbing, balancing, stooping, bending, kneeling, crouching, and squatting. AR 27-20. Based on the testimony of a vocational expert, moreover, the ALJ determined that plaintiff could perform his past relevant work as a: dump truck driver; equipment repairman; cleaner/general laborer; and forklift mechanic and construction engineer, but as medium, skilled work as they are generally performed in the national economy. AR 29-30. Considering plaintiff's age, education, work experience, and RFC, under step five, the ALJ determined that plaintiff could perform jobs that exist in significant numbers in the national economy. AR 30. Accordingly, the ALJ concluded that plaintiff was not disabled from the alleged onset date of April 1, 2010 until the date of the decision. AR 31.

**3.    Analysis**

Plaintiff seeks reversal or remand of the ALJ's decision, claiming the ALJ erred by finding that plaintiff's statements regarding his symptoms were not entirely credible. In support, plaintiff first contends that the ALJ dedicates "only" one paragraph to analyzing plaintiff's RFC and ability to perform medium work, and fails to provide evidence or to state "whether or why" the ALJ believes plaintiff's statements. Doc. # 11 at 8, 9. Plaintiff next contends that the ALJ mischaracterizes evidence by stating that plaintiff's anemia and liver disease are "unremarkable," his liver enzymes are "not elevated," and his anemia has been "resolved." Id. at 9 (citing AR 29). Plaintiff explains that his September 2012 computerized tomography ("CT") scan revealed pulmonary nodules consistent with infection, inflammation, hypersensitivity pneumonities, and atherosclerotic plaquing of arteries. Id. (citing AR 352-53). Plaintiff adds that treatment notes from the Veterans Affairs Medical Center ("VAMC"), along with consultative examiner's findings, reveal "elevated" liver enzymes, with the record additionally revealing plaintiff's "significant anemia," notwithstanding plaintiff's drastic weight loss which combines with his anemia to support his claims of fatigue. Id. at 10 (citing AR 211, 221, 225, 253, 260, 263, 360-61, 365). Plaintiff then contends that while the ALJ found only mild disc bulges relating to alleged spinal impairments, a cervical spine magnetic resonance imaging ("MRI") shows central disc protrusion at C4-5 with an annular tear, facet joint hypertrophy, moderate left foraminal stenosis, and additional bulges at C5-6 and C6-7. Id. (citing AR 409). Plaintiff also questions the ALJ's assertion that plaintiff neither sought nor obtained treatment for his pain, as the record purportedly shows Dr. Walter M. Kidwell's ("Kidwell")

1  diagnosis of cervicalgia with probable facet joint pain, low back pain/lumbago, lumbar spondylosis/facet
2  pain, lumbar discopathy, and muscle spasm for which Kidwell recommended injections and pain relievers.
3  Id. at 10-11 (citing AR 409, 411). Lastly, plaintiff questions the ALJ's finding that the treating physicians
4  did not assess any functional limitations, as there was nothing submitted on the subject.

5       Defendant, in opposition, argues that the ALJ articulated valid reasons for finding plaintiff not fully
6  credible, with those reasons supported by substantial evidence. See Doc. # 12 at 3. Defendant first points
7  out that the ALJ did not limit his credibility analysis to a single paragraph, but conducted a thorough
8  review of the evidence and set forth several detailed and well-articulated reasons for his finding.
9  Defendant next points out that the ALJ properly considered plaintiff's complaints of fatigue in conjunction
10 with plaintiff's normal laboratory tests, including an August 2010 CT scan of the abdomen, which showed
11 stable liver hemangioma and fatty infiltration of the liver, "but otherwise unremarkable," and a subsequent
12 CT scan of the abdomen showing "stable liver hemangioma." Id. at 5 (AR 25, 211, 218-220). Defendant
13 then points out that, in November 2010, plaintiff's anemia was "normalized" with B12 and folic acid
14 supplements, and when plaintiff returned for a medication refill in May 2011, he "denied any complaints."
15 Id. at 5 (AR 25, 211, 247). Defendant also argues that, in August 2011, plaintiff's physical examination
16 was relatively normal and he denied any pain, with a subsequent internal medical evaluation showing
17 normal blood tests, unelevated liver enzymes, denial of pain, and a normal physical examination. Id. at
18 5-6 (AR 25, 254-56, 262-63). Moreover, defendant argues that with respect to plaintiff's alleged stomach
19 problems, an esophagogastroduodenscopy performed in August 2012 indicated, at most, mild gastritis, and
20 that plaintiff's stomach issues were resolved when he stopped abusing alcohol. Id. at 6 (citing AR 26, 28,
21 51, 288, 327). With respect to plaintiff's neck and back injuries, defendant points to the absence of
22 physical evidence establishing a significant spinal impairment, and turns to Kidwell's diagnosis following
23 a physical examination in February 2013, which shows that plaintiff had normal gait and station, normal
24 sensation and reflexes, full motor strength, and a negative gastrointestinal system. Id. (citing AR 26, 408-
25 10).

26      Additionally, defendant argues that plaintiff received only minimal or conservative treatment of
27 medication and care, which was effective in controlling plaintiff's pain, hypertension, and anemia. Doc.
28 # 12 at 7-8 (AR 25-29, 58, 211, 247, 280, 391, 408). Defendant then argues that the ALJ properly

7

discredited plaintiff's assertions by noting plaintiff's continued abuse of alcohol despite his physicians' directions, thereby contributing to some of plaintiff's symptoms, notwithstanding plaintiff's lack of compliance with treatment for his other conditions. Id. at 8 (citing AR 25-26, 28, 51, 253, 276, 317, 391, 409). Defendant also points out that the ALJ properly considered plaintiff's self-reported daily activities, including plaintiff's ability to drive, garden daily, read, watch television, use the computer, clean his room, and vacuum. Id. at 9 (citing AR 25, 28, 45-47, 260). Defendant further argues that plaintiff's statements were contradicted by the opinions of Dr. Amir Nicknam ("Nicknam"), a consultative examiner, and Kidwell, plaintiff's treating physician. Id. at 10 (citing AR 29, 264-65, 408). Specifically, defendant argues that, following a physical examination, Nicknam concluded that plaintiff remained capable of performing medium exertion-level work, with some postural limitations, while Kidwell did not assess any functional limitations, but found that plaintiff could lift between 15 and 50 pounds, did not require an assistive device, and could sit, stand, and walk greater than 30 minutes with no maximum time indicated. Id. at 6, 10 (citing AR 29, 264-65, 408). Defendant therefore concludes that the ALJ provided numerous reasons for discounting plaintiff's subjective complaints. Id. Plaintiff did not file a reply.

An ALJ may reject a claimant's testimony about the severity of his or her symptoms based upon specific, clear, and convincing reasons. See Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding that a claimant is less than fully credible, an ALJ is required to identify specific facts in the record demonstrating that the claimant's symptoms are less severe than claimed. Id. at 592. An ALJ may also consider other factors in weighing a claimant's credibility, including reputation for truthfulness, inconsistencies in testimony, inconsistencies between testimony and conduct, daily activities, and unexplained or inadequately explained failures to seek treatment or to follow a prescribed course of treatment. See Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007).

Contrary to plaintiff's assertions, the Court finds that the ALJ properly considered various aspects of plaintiff's case, including plaintiff's self-reported daily activities, the adequacy of plaintiff's treatment, plaintiff's abuse of alcohol and failure to comply with treatment, the effect of medication on plaintiff's symptoms, the treating physician's findings, objective medical evidence in the record, the degree or severity of plaintiff's alleged symptoms, and plaintiff's work history. Indeed, this Court finds that the ALJ provided specific, clear, and convincing reasons for finding plaintiff not fully credible, and plaintiff

has failed to rebut this showing.  As such, the Court finds that the ALJ's credibility determination must be upheld as a reasonable interpretation supported by substantial evidence.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Reversal or Remand (doc. # 11) be **denied**.

**IT IS FURTHER RECOMMENDED** that defendant's Cross-Motion to Affirm (doc. # 12) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  Thomas v. Arn, 474 U.S. 140, 142 (1985).  This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED:  May 3, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**